IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIO ALIANO, )
 )
        Plaintiff, )
 )
v. )
 )
STUART WEITZMAN RETAIL STORES, )
LLC, a Delaware corporation, individually, )
and d/b/a STUART WEITZMAN and d/b/a )
STUART WEITZMAN RETAIL, LLC; )
and DOES 1-10, )
 )
        Defendants. )

KC **FILED**
JUL 0 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07CV3814
JUDGE GOTTSCHALL
MAGISTRATE JUDGE NOLAN

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff brings this action to secure redress for the violation by Defendants of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2. One provision of FACTA, codified as 15 U.S.C. §1681c(g)(1), provides that:

> **... no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**
>
> 15 U.S.C. §1681c(g)(1).

3. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Defendants have willfully violated this law and failed to protect Plaintiff, and others similarly situated, against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendants.

4. Plaintiff brings this action against Defendants based on Defendants' violation of 15 U.S.C. § 1681, *et seq*. Plaintiff seeks statutory damages, attorney's fees, and costs.

## PARTIES

5. At all relevant times, Plaintiff MARIO ALIANO was a resident of Illinois.

6. At all relevant times, Defendant STUART WEITZMAN RETAIL STORES, LLC ("STUART WEITZMAN") was a Delaware corporation that owned, controlled, operated, managed and did business as STUART WEITZMAN and STUART WEITZMAN RETAIL, LLC, located at various places nationwide, including at 900 North Michigan Avenue, Chicago, Illinois.

7. At all relevant times, Defendant STUART WEITZMAN was a person that accepted credit cards or debit cards for the transaction of business within the meaning of FACTA.

8. Defendants Does 1-10 are individual officers, directors, employees and agents of Defendant who authorized, directed or participated in the violations of law complained of. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question), and 15 U.S.C. §1681p (FCRA).

10. Venue in this District is proper because Defendants transact business in the District and are deemed to reside here.

## FACTS

11. On June 30, 2007, Plaintiff received from Defendants at their establishment located at 900 North Michigan Avenue, Chicago, Illinois, a computer-generated cash register receipt which displayed Plaintiff's credit card expiration date.

12. On information and belief, it is possible for thieves to replicate a credit card number using the expiration date and the last four digits of the card number.

## CLASS ALLEGATIONS

13. Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. Rule 23(a) and (b)(3).

14. The class is defined as all persons to whom the Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

15. The class is so numerous that joinder of all individual members in one action would be impracticable.

16. Upon information and belief, there are over 100 persons to whom the Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

17. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

18. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

    a.    Whether Defendants had a practice of providing customers with a sales or transaction receipt on which Defendants printed more than the last five digits

3

of the credit card or debit card and/or the expiration date of the credit card or debit card;

b. Whether Defendants thereby violated FACTA;

c. Whether Defendants' conduct was willful;

d. Identification and involvement of the Doe Defendants.

19. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

20. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## VIOLATION ALLEGED

21. Defendants violated 15 U.S.C. §1681c(g)(1), which provides, in relevant part, that:

> ... **no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

15 U.S.C. §1681c(g)(1).

22. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §168lc(g)(1).

23. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

24. Defendants accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the class members. In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

4

25. After the effective date of the statute, Defendants, at the point of sale or transaction, provided Plaintiff and each class member with one or more electronically printed receipts on each of which Defendants printed more than the last five digits of the credit card or debit card number and/or printed the expiration date of the credit card or debit card.

26. FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

27. On information and belief, Defendants knew of the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

28. On information and belief, VISA, MasterCard, the PCI Security Standards Council — a consortium founded by VISA, MasterCard, Discover, American Express and JCB — companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendants need to comply with the same.

29. The requirement was widely publicized among retailers.

30. Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

31. Defendants willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants as follows:

    a. For statutory damages of $100 to $1,000 per violation;

    b. For attorney's fees, litigation expenses and costs;

    c. For such other and further relief as the Court may deem proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Plaintiff MARIO ALIANO, individually, and on behalf of all others similarly situated,

By: _____
Thomas A. Zimmerman, Jr.
Hugh J. Green
ZIMMERMAN AND ASSOCIATES, P.C.
100 West Monroe, Suite 1300
Chicago, Illinois 60603
(312) 440-0020
Attorney No. 6231944

Counsel for the Plaintiff and Class